# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| BRANDON SMITH, | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:22-cv-00385 |
| PASIFICA INVESTMENT LLC, | ) |
| Defendant. | ) |
| BRANDON SMITH, | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:22-cv-00644 |
| AHMAD M. SALEM, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

The above cases allege violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et. seq.* Brandon Smith uses a wheelchair and alleges that he was denied full enjoyment and use of public accommodations at two Shell gas stations, one owned by Pasifica Investment LLC ("Pasifica") and another by Ahmad M. Salem ("Salem"). He has filed Motions for Summary Judgment and Default Judgment (Case No. 3:22-cv-00385, Doc. No. 52; Case No. 3:22-cv-00644, Doc. No. 36) and Motions to Strike Answers to the Amended Complaints (Case No. 3:22-cv-00385, Doc. No. 55; Case No. 3:22-cv-00644, Doc. No. 38), all of which are ripe for decision.

In both cases, Smith must show that he has evidence to establish the essential elements of his ADA claim. Specifically, he must establish through admissible evidence each of the following:

1

(1) he is disabled within the meaning of the ADA, (2) the defendant owns, leases, or operates the property he tried to access, which is a place of public accommodation, and (3) the defendant discriminated against him by denying him a full and fair opportunity to enjoy the services defendant provides. Powell v. Columbus Med. Enterprises, LLC, No. 21-3351, 2021 WL 8053886, at *2 (6th Cir. Dec. 13, 2021) (quoting Camarillo v. Carrols Corp., 518 F.3d 153, 156 (2d Cir. 2008)).

Smith, as the party bringing the summary judgment motion, "has the initial burden of informing the Court of the basis for [his] motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts." Rodgers v Banks, 344 F.3d 587, 595 (6th Cir. 2003) (citation omitted). He does this by setting forth in his statement of undisputed material facts, those "material facts as to which [he] contends there is no genuine issue for trial. . . . [And e]ach fact must be supported by specific citation on the record." Local Rule 56.01(b). His support for each specific citation may include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers or other materials." Fed. R. Civ. P. 56(c)(1)(A)). Then, the Defendant must respond to each asserted material fact. Local Rule 56.01(c).

**Motions For Summary Judgment**

Case No. 3:22-cv-00385 – Pasifica

Pasifica's response to Smith's Statement of Undisputed Material Facts admits that:

> Smith is substantially limited in performing one or more major life activities including but not limited to: walking and standing. Doc. No. 62-1 ¶ 2. He uses a wheelchair for mobility purposes. Id. at ¶ 3. And the property Smith attempted to access is a place of public accommodation. Id. at ¶ 5.

Pasifica disputes or objects to the remaining facts Smith relies upon for summary judgment, for a variety of reasons. For example, Smith's repeated reliance on the Amended Complaint is legally insufficient to support summary judgment. See Sowards v. Loudon Cnty., 203 F.3d 426, 431 (6th Cir. 2000) ("[Courts] must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial."); see also Flint ex rel. Flint v. Kentucky Dep't of Corr., 270 F.3d 340, 348 (6th Cir. 2001) (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2721 (3d ed.1998)) ("[T]he formal issues framed by the pleadings are not controlling on a motion for summary judgment; the court must consider the issues presented by the other material offered by the parties on the motion to determine whether the Rule 56 request should be granted."). Many of the disputed facts are not "material" because they do not support any essential element of Smith's ADA claim.

To succeed at trial, Smith must prove that Pasifica owns, leases or operates the property that he attempted to access. Powell, 2021 WL 8053886 at *2. This he has failed to do. Smith asserts in paragraph 6 of his Statement of Undisputed Material Facts as follows:

> 6. The Property is owned by the Defendant, according to the Warranty Deed provided in Defendant's discovery response.

But Smith offers nothing to support this assertion as required by Federal Rule of Civil Procedure 56(c)(1)(A) and Local Rule 56.01(b). There is no Warranty Deed or any other proof to establish Pasifica's ownership of the property. Thus, the material fact of ownership, lease, or operation of the property is not established, requiring the Court to deny Smith's motion for summary judgment.

Case No. 3:22-cv-00644 - Salem

In this case Smith fairs no better than in Pasifica. Salem's responses to Smith's Statement of Undisputed Material Facts establish as undisputed that:

> Smith is an individual with disabilities as defined by the ADA. Doc. No. 43-1 ¶ 1. He is substantially limited in performing one or more major life activities, including but not limited to: walking and standing. Id. ¶ 2. And he uses a wheelchair for mobility purposes. Id. at ¶ 3.

While Salem disputes whether Smith actually visited the property at issue, there is no dispute that the property is a place of public accommodation. Id. ¶ 5. But again, as in Pasifica, Smith fails to come forward with admissible evidence that Salem in fact owns, leases, or operates the property at issue. In paragraph 6 of Smith's Statement of Undisputed Material Facts he avers:

> 6. The Property is owned by the Defendant, according to the Warranty Deed provided to Defendant in his discovery response.

Id. ¶ 6. Yet, Smith again fails to support this assertion as required by Federal Rule of Civil Procedure 56(c)(1)(A) and Local Rule 56.01(b). Having failed to come forward with admissible evidence of ownership, lease, or operation of the property, the Court must deny Smith's motion for summary judgment.[1]

**Motions for Default Judgment and Motions to Strike**

After Smith filed his Amended Complaints on June 5, 2023, (Case No. 3:22-cv-00385, Doc. No. 41; Case No. 3:22-cv-00644, Doc. No. 31), Pasifica and Salem filed their Answers on September 5, 2023. (Case No. 3:22-cv-00385, Doc. No. 54; Case No. 3:22-cv-00644, Doc. No. 37). Smith takes issue with their 90-day delays and moves for default judgment under Federal Rule Civil Procedure 5(b)(2) and to strike Pasifica and Salem's Answers under Federal Rule of Civil Procedure 15(a)(3). (Case No. 3:22-cv-00385, Doc. Nos. 52 and 55; Case No. 3:22-cv-00644, Doc. Nos. 36 and 38). Smith's motions will be denied.

---

[1] Given Smith's failure to establish Defendant's ownership of the property, the Court need not address the parties' disputes about their respective experts. Accordingly, Smith's Motions to Strike the Declarations of Richard Acree (Case No. 3:22-cv-00385, Doc. No. 65; Case No. 3:22-cv-00644, Doc. No. 47) will be denied as moot.

There is no question that Pasifica and Salem's Answers were tardy under Rules 5(b)(2) and 15(a)(3) and they offer no reason for their late filings, but neither Rule authorizes the relief Smith seeks here. The dockets show that Pasifica and Salem actively engaged in litigation during the 90-day period of delay. Smith offers no argument that he has been prejudiced due to the late filings. See In re Pioneer Inv. Servs. Co., 943 F.2d 673, 678 (6th Cir. 1991) ("[A]bsent prejudice to the plaintiff . . . the policy of hearing claims on the merits weighs in favor of allowing the claims to go forward."), aff'd sub nom. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993). Also, the strong judicial preference to resolve cases on the merits counsels against Smith's motions. United Coin Meter Company, Inc., v Seaboard Coastline Railroad, 205 F.2d 839, 846 (6th Cir. 1983).

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE